UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ROY WELCH,

    Plaintiff,

  v.

B. MAYBERRY, et al.,

    Defendants.

No.  2:26-cv-0407 DAD CSK P

ORDER

Plaintiff appears pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed on his excessive force claim against defendant B. Mayberry, correctional officer at Mule Creek State Prison, or plaintiff may elect to

1

amend his complaint as discussed below.

I.      SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.    PLAINTIFF'S COMPLAINT

Plaintiff alleges that after he had just suffered two in-cell assaults committed on him by inmate Carrasco, plaintiff went to yard where he suffered a dizzy spell. In response, a CDCR official radioed a medical code, and officers J. Boyle and N. Lindsay initiated contact. (ECF No. 1 at 4.) Plaintiff claims that video shows plaintiff down on one knee, hand on head, dealing with the dizzy spell and being non resistant, when defendant B. Mayberry, not an initial responder, "comes out of nowhere and violently grabs plaintiff's arm and slams him face first striking the ground, causing injuries." (Id.)

Plaintiff claims he suffered further due process injuries when a false rules violation report was issued claiming plaintiff resisted a peace officer. (Id.)

3

In his second claim, marked "disciplinary proceedings," plaintiff states that Lt. Banks, the Senior Hearing Officer, watched the video and found plaintiff not guilty. (ECF No. 1 at 5.) Plaintiff claims the false rules violation report was authored by the seven named defendants who told substantial lies, and contradicted each other, which the video proves. Plaintiff claims the defendants' actions were a "cooperative evasive attempt to minimize officer liabilities." (Id.)

As defendants, plaintiff names B. Mayberry, J. Boyle, N. Lindsay, S. Young, J. Williams, R. Villareal, and P. Goytia, all correctional officers at Mule Creek State Prison. (Id. at 2-3.) Plaintiff seeks money damages for the physical injuries he sustained from the excessive use of force. (Id. at 5.)

IV.    DISCUSSION

In his first claim, plaintiff alleges excessive force was used in violation of the Eighth Amendment.

The Eighth Amendment forbids "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (citation omitted). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Factors relevant to this inquiry include: "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. at 7 (quoting Whitley, 475 U.S. at 1085). The sadistic and malicious use of force to cause harm violates the Eighth Amendment regardless of "whether or not significant injury is evident." Id. at 9-10.

Plaintiff's complaint states a cognizable Eighth Amendment claim against defendant B. Mayberry based on the alleged use of unnecessary and excessive force, and the allegation that defendant B. Mayberry slammed plaintiff face first to the ground suggests a sadistic and malicious motive. Plaintiff's allegations that defendants J. Boyle and N. Lindsay "initiated contact" does not rise to the level of excessive force. Plaintiff fails to include any charging

4

allegations as to the remaining defendants explaining what actions they took that demonstrate the use of excessive force.  Plaintiff is required to include specific allegations as to each named defendant explaining what he or she did that constitutes excessive force applying the Hudson factors set forth above.

Plaintiff lists a number of rights that he claims were violated as a result of the above incident, including the First Amendment, and Fourteenth Amendment due process and equal protection.  (ECF No. 1 at 4.)  But plaintiff includes no allegations that support such violations, and the facts he provides are insufficient to enable the Court to construe and complaint as stating claims for violations of the First or Fourteenth Amendments.

As currently pled, plaintiff's complaint states a cognizable Eighth Amendment excessive force claim against B. Mayberry, but fails to state cognizable claims against the remaining defendants, and fails to state cognizable First and Fourteenth Amendment claims based on the allegations raised in the complaint against all of the named defendants.

In his second claim, plaintiff marked the box "disciplinary proceedings," but also provides a list of alleged constitutional violations:  First, Eighth and Fourteenth Amendment due process and equal protection.  (ECF No. 1 at 5.)

The falsification of disciplinary reports does not state a standalone constitutional claim. See, e.g., Lee v. Whitten, 2012 WL 4468420, *4 (E.D. Cal. 2012).  Indeed, there is no constitutional right to a prison administrative appeal or grievance system, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988), and a prisoner has no constitutionally guaranteed right not to be falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.").

Here, plaintiff includes no facts that support the alleged constitutional violations in

5

connection with the disciplinary proceedings, and the facts he provides are insufficient to enable the Court to construe the complaint as stating claims for violations of the First, Eighth or Fourteenth Amendments in connection with the disciplinary proceedings.  Plaintiff admits that the hearing officer found plaintiff not guilty of the rules violation.  Overall, plaintiff's allegations of lies and contradictions, standing alone, do not state a cognizable constitutional claim.  See, e.g., Higgins v. Medina, 2009 WL 3255268, *3 (E.D. Cal. 2009) (finding not cognizable plaintiff's due process claim arising from the falsification of reports and other documents relating to incident of excessive force because prisoners do not have an independent right, grounded in the Due Process Clause, to an accurate prison record).

Plaintiff's claims related to the disciplinary proceedings are dismissed.  Although it appears plaintiff may not be able to allege facts demonstrating any constitutional violation stemming from the disciplinary proceedings, particularly against the named defendants, plaintiff is granted leave to amend.

V.      PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendant B. Mayberry and pursue the potentially cognizable Eighth Amendment excessive force claim against only that defendant, or plaintiff may delay serving any defendant and attempt to state a cognizable claim against the remaining defendants.  If plaintiff elects to proceed forthwith against defendant B. Mayberry, against whom plaintiff stated a potentially cognizable Eighth Amendment excessive force claim for relief, then within thirty days plaintiff must so elect on the attached form.  In this event the Court will construe plaintiff's election as consent to dismissal of the remaining claims and defendants without prejudice.  Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state cognizable claims against the remaining defendants, and attempt to state cognizable claims based on the disciplinary proceedings.  If plaintiff elects to attempt to amend his complaint to state additional cognizable claims, plaintiff has thirty days to amend.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff

6

is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

///

7

VI.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 6, 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment excessive force claims against defendant B. Mayberry.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claim, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing all of the defective claims against the named defendants without prejudice.

4. All claims against defendants J. Boyle, N. Lindsay, S. Young, J. Williams, R. Villareal, and P. Goytia, and all claims against defendant B. Mayberry except the excessive force claim, are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendants J. Boyle, N. Lindsay, S. Young, J. Williams, R. Villareal, and P. Goytia, or additional cognizable claims against defendant B. Mayberry.  Plaintiff is not obligated to amend his complaint.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  May 6, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/welc0407.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ROY WELCH,

            Plaintiff,

     v.

B. MAYBERRY, et al.,

            Defendants.

No.  2:26-cv-0407 DAD CSK P

NOTICE OF ELECTION

Plaintiff elects to proceed as follows:

_____     Plaintiff opts to proceed with his Eighth Amendment excessive force claim against defendant B. Mayberry.  Under this option, plaintiff consents to dismissal of all claims against defendants J. Boyle, N. Lindsay, S. Young, J. Williams, R. Villareal, and P. Goytia, as well as all other claims against defendant B. Mayberry, without prejudice.

**OR**

\_\_\_\_\_     Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                       Plaintiff

1