UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ROY WELCH,<br>Plaintiff,<br>v.<br>B. MAYBERRY, et al.,<br>Defendants. | No. 2:26-cv-0407 DAD CSK P<br>ORDER |

Plaintiff appears pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On August 21, 2026, plaintiff filed a document styled, "Motion moving the court to file Claim II not standalone, but attached and relative to claim I." (ECF No. 17.) As discussed below, the Court denies plaintiff's motion and grants him thirty days to file an amended complaint or notify the Court he intends to proceed solely as to his excessive force claim against defendant B. Mayberry.

## I. BACKGROUND

In his original complaint, plaintiff named as defendants B. Mayberry, J. Boyle, N. Lindsay, S. Young, J. Williams, R. Villareal, and P. Goytia, all correctional officers at Mule Creek State Prison. (ECF No. 1.) On May 6, 2026, this Court screened plaintiff's complaint and granted him thirty days to file a notice of election advising whether he opted to proceed solely on

his excessive force claim against defendant B. Mayberry, or whether he would file an amended complaint and attempt to state cognizable claims against the remaining defendants. (ECF No. 9.) On May 26, 2026, plaintiff filed the notice of election form opting to file an amended complaint and on June 12, 2026, filed a motion for an additional 60 days to file an amended complaint. (ECF Nos. 13, 14.) On June 18, 2026, plaintiff was granted 60 days to file an amended complaint. (ECF No. 16.) On August 21, 2026, plaintiff filed the instant motion. (ECF No. 17.)

## II. DISCUSSION

It appears plaintiff wants the Court to interlineate additional information into his original complaint, and disagrees with the Court's screening order, asking the Court to "file claim II attached to claim I." (ECF No. 17 at 2.) Plaintiff appears to object that the named defendants lied in the excessive force incident report, not just the subsequently dismissed rules violation report, and claims this violates his right to due process. (ECF No. 17 at 2.) But whether any defendant allegedly lied in the underlying excessive force incident report or the resulting rules violation report is of no consequence because neither allegation constitutes a standalone due process violation. See Evans v. Flores, 2023 WL 4828018, at *2 (E.D. Cal. July 27, 2023) (filing of false incident report that led to rules violation report does not constitute a due process violation) (collecting cases). "There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Coria v. Garcia, 2022 WL 18356252, at *4 (E.D. Cal. Mar. 14, 2022) (dismissing claims that correctional officers fabricated and falsified claims in placement notifications, rules violation report, crime incident reports, and a district attorney referral) (citation omitted). Plaintiff's allegations as to defendants' statements in the incident report are relevant to his excessive force claim, but do not constitute a separate due process claim. Plaintiff is not required to name them as defendants if he intends to challenge their statements in the incident reports in connection with his excessive force claim against defendant B. Mayberry. Further, such allegations do not demonstrate that any of the remaining defendants used excessive force during the incident, as explained in this Court's screening order. (ECF No. 9 at 4-5.)

///

In any event, plaintiff's motion is insufficient to constitute an amended complaint. As plaintiff was previously informed, an amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)); see also ECF No. 9 at 6-7. If plaintiff wishes to make changes to his original complaint, he must file an amended complaint that includes all of his allegations against all named defendants.

Therefore, plaintiff is provided one final opportunity to proceed forthwith to serve defendant B. Mayberry and pursue the potentially cognizable Eighth Amendment excessive force claim against only that defendant, or plaintiff may delay serving any defendant and attempt to state a cognizable claim against the remaining defendants by filing an amended complaint. Plaintiff is granted thirty days to file the appended Notice of Election form to either notify the Court he wishes to proceed solely as to his excessive force claim against defendant B. Mayberry or appends an amended complaint that is complete in and of itself. Failure to comply with this order will result in a recommendation that this action be dismissed.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 17) is denied.
2. Plaintiff is granted thirty days from the date of this order to complete and file the appended Notice of Election form, as specifically directed in the May 6, 2026 order (ECF No. 9). If plaintiff opts to file an amended complaint, the proposed amended complaint must accompany the Notice of Election form.
3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 10, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/welc0407.mot.den

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ROY WELCH,<br>Plaintiff,<br>v.<br>B. MAYBERRY, et al.,<br>Defendants. | No. 2:26-cv-0407 DAD CSK P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

______ Plaintiff opts to proceed with his Eighth Amendment excessive force claim against defendant B. Mayberry. Under this option, plaintiff consents to dismissal of all claims against defendants J. Boyle, N. Lindsay, S. Young, J. Williams, R. Villareal, and P. Goytia, as well as all other claims against defendant B. Mayberry, without prejudice.

**OR**

_____ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

______________________________
Plaintiff